UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JESSICA ANNE MARIE FOUST, | Case No. 2:23-cv-00461-MK |
| Plaintiff, | ORDER |
| v. | |
| HIGHBERGER, SUPERINTENDENT OF OSCI; ROBYN CORRIGAN, OSCI Grievance Coordinator; COLETTE PETERS, Director of ODOC; WALLACE, LT. OSCI; THE STATE OF OREGON; PEREA C/O, | |
| Defendants. | |

KASUBHAI, Magistrate Judge.

Plaintiff, an adult in custody at the Two Rivers Correctional Institution (TRCI), files suit under 42 U.S.C. § 1983 and alleges federal civil rights violations under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff's allegations are deficient in several respects, and plaintiff is granted the opportunity to amend the Complaint.

- 1 -   ORDER

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff alleges that on October 12, 2021, while in custody at Oregon State Correctional Institution, Correctional Officer Perea and Lt. Wallace confiscated plaintiff's religious herbs and issued a Misconduct Order that led to plaintiff's transfer to segregated housing for nine days. Apparently, plaintiff was accused of possessing contraband and stealing herbs from the kitchen. After a disciplinary hearing, a hearings officer dismissed the alleged rule violations and plaintiff sought the return of her herbs. Lt. Wallace informed plaintiff that the herbs had been destroyed, even though relevant prison regulations required retention of confiscated property for forty-five days. Plaintiff alleges that Lt. Wallace and Officer Perea violated her rights to religious freedom, retaliated against her, and denied her due process of law.

To state a religious freedom claim under the First Amendment or RLUIPA, plaintiff must allege facts showing that defendants' conduct substantially burdened the free exercise of her religion. *See Jones v. Slade*, 23 F.4th 1124, 1139 (9th Cir. 2022); *Shakur v. Schiro*, 514 F.3d 878,

884 (9th Cir. 2008). To constitute an impermissible burden, the government's conduct must do more than "inconvenience" a religious exercise; it "must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent[s] to modify" their religious behavior or violate their religious beliefs. *Jones v. Williams*, 791 F.3d 1023, 1031-32 (9th Cir. 2015) (citations omitted). Plaintiff does not identify the religious exercise at issue or explain how the exercise of her religion was substantially burdened by defendants' confiscation of her herbs. *Jones*, 23 F.4th at 1141.

To state a claim for First Amendment retaliation, plaintiff must allege: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff does not allege facts suggesting that Officer Perea or Lt. Wallace knew plaintiff used the herbs for religious purposes and issued a Misconduct Report because of her protected conduct.

With respect to plaintiff's due process claim, a prisoner is to procedural due process protections when a prison disciplinary action "implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). Plaintiff's temporary placement in disciplinary segregation does not implicate a liberty interest because it "falls within the terms of confinement ordinarily contemplated by a sentence." *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *Resnick v. Hayes*, 213 F.3d 443, 448-49 (9th Cir. 2000) (finding that placement in segregated housing pending a disciplinary hearing did not implicate a protected liberty interest).

Likewise, plaintiff cannot state a due process claim arising from the unauthorized or negligent deprivation of her property if the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). Oregon provides an adequate post-deprivation remedy through the Oregon Tort Claims Act. *Gutierrez v. Williams*, 505 Fed. App'x 659, 660 (9th Cir. Jan. 17, 2013) (citing Or. Rev. Stat. § 30.260 et seq).

Plaintiff also brings due process claims against defendant Corrigan, a Grievance Coordinator, arising from the denials of plaintiff's grievances. Plaintiff does not explain how the denial of grievances violated her due process rights, and it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *see also Fairley v. Shelton*, 664 Fed. Appx. 616, 617 (9th Cir. 2016).

Next, plaintiff alleges claims against defendants Peters and Highberger based on their supervisory capacity. Plaintiff is advised that liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor – such as the former Director of ODOC or the Superintendent of OSCI – is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights.

Finally, plaintiff alleges a claim of negligence against the State of Oregon. However, the State enjoys Eleventh Amendment immunity and is immune from suit in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-100 (1984).

Despite the deficiencies in plaintiff's Complaint, I cannot find that amendment would be futile. Plaintiff is granted leave to file a proposed Amended Complaint with a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

## CONCLUSION

Plaintiff's allegations fail to state viable claims under § 1983. Within thirty days from the date of this Order, plaintiff shall file an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in the dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 6th day of July, 2023.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI  (He / Him)
United States Magistrate Judge